## Joseph Ray *et al. versus* Joseph Underwood, Principal, and Joseph Hawes, Trustee.

A person who has never been an inhabitant or resident within this commonwealth, but who only comes here occasionally in the day time, is not liable to the trustee process.

THE principal defendant lived in Seekonk in the county of Bristol, and the supposed trustee was called in the plaintiffs' writ, " Joseph Hawes now commorant of Seekonk." It was agreed that Hawes lived in North Providence in Rhode Island, and had never been an inhabitant of this State ; that he occasionally visited a manufacturing establishment at Seekonk in which he was interested, but that he never lodged in See-konk.

*W. Baylies, Sanford* and *Darling,* for the plaintiff, cited *Nov. 17th Parker* v. *Danforth & Trs.* 16 Mass. R. 299.

*Cozzens,* for the supposed trustee, relied on *Tingley* v. *Bateman & Tr.* 10 Mass. R. 343.

PARKER C. J. delivered the opinion of the Court. It be- *April term* ing agreed that the person summoned as trustee was not an *1826, at* inhabitant of, or resident within, any town in this common- *Taunton* wealth, but that he only came within it occasionally in the day time to look after some of his property, having his home all the time within the State of Rhode Island, we are of opinion that he is not liable to this process within this jurisdiction.[1] We see no distinction in principle between this case and the case of *Tingley* v. *Bateman & Tr.*

---

[1] By the Revised Statutes it is enacted, that any person having any goods, effects or credits of the principal defendant entrusted or deposited in his hands or possession, may be summoned as a trustee. Revised Stat. c. 109, § 4